BREAUX, C. J.
An information was filed against IT. A. Coates for retailing liquor without a license.
A warrant of arrest was issued and defendant was arrested.
He was released from custody on bond and security in the sum of $200.
A few days thereafter, he was duly called into court to answer to the information. He failed to appear. The sureties were then called and notified to procure the presence of their principal.
A judgment was then rendered in favor of the state against the defendants in solido for the amount of the bond, interest, and costs.
The defendants moved for an appeal. On their motion an appeal was granted, which the sureties subsequently abandoned.
After judgment the sureties appeared and moved to set aside and annul the judgment of forfeiture on the ground, among others, that the court had not fixed the amount of the bond and had not issued an order to the sheriff authorizing him to accept bond for the release of the accused. They alleged that these defects were evident on the face of the record.
The motion was overruled, after which the sureties made application to this court for the writs first above mentioned.
A rule nisi was issued by this court.
The judge of the district court states in his return that he did fix the amount of the bond, that he informed the sheriff of the amount, that he verbally authorized the officer to accept the bond with surety in the amount stated, and that the bond was signed and the accused released in accordance with his direction.
The judge further states in his return that the counsel for relator sat silently by until the judgment of forfeiture was signed, and only then objected to the proceedings of forfeiture. The judge also states that he was not notified by relators in open court, or otherwise, of their application to this court for the writs which are now before us. The judge further stated that the defendant is a fugitive from justice, that before becoming a fugitive he deposited with his sureties, relators, an amount of money sufficient to protect them from loss in case his bond was forfeited, that this was an admitted fact by the sureties, that they were coming to court to satisfy the judgment rendered against them, and they were advised not to pay the amount but to defend the case.
The state has not had opportunity to make full proof, as no objection was raised before judgment by the sureties.
On the application to recall and set aside the judgment rendered, the prosecuting officer in the nature of things did not accept the motion of the sureties as correct. The motion was overruled.
The case comes to us without all the evidence which the return states is obtainable.
Respondent asks that the case be remanded.
*17 For reasons stated, it is ordered, adjudged, and decreed that the judgment of the district court which the sureties attack is avoided, annulled, and reversed.
It is further ordered, adjudged, and decreed that the case be reinstated on the docket of the district court for trial, that all admissible evidence be admitted, and that the judge of that court render such a judgment as the law and the evidence will sustain.
The costs of both courts to abide final decision of the case.